**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SARA MAES,

    Plaintiff,

v.                                                          Civ. No. 18-1038 KBM/KK

PROGRESSIVE DIRECT INSURANCE
COMPANY,

    Defendant.

## ORDER GRANTING IN PART DEFENDANT'S MOTION
## TO ALLOW RULE 35 EXAMINATION

THIS MATTER is before the Court on Defendant's Motion to Allow Rule 35 Examination ("Motion"), filed February 8, 2019. (Doc. 27.) The Court, having reviewed the Motion, counsel's arguments, and the relevant law, FINDS that the Motion is well-taken in part and should be GRANTED IN PART and DENIED IN PART as follows.

Plaintiff Sara Maes alleges that, on or about July 21, 2012, she was a passenger in the bed of a pick-up truck that rolled off a washed-out dirt road. (Doc. 1-1 at 6-8.) According to Plaintiff, the accident caused her serious and permanent injuries. (*Id.* at 8, 11.) In this civil action, Plaintiff seeks damages from Defendant Progressive Direct Insurance Company, claiming that Defendant breached its duty of good faith and fair dealing and its fiduciary duty, and violated the New Mexico Unfair Insurance Practices Act and the New Mexico Unfair Practices Act, by failing to pay underinsured motorist insurance benefits due to her as a result of the accident. (*Id.* at 12-16.)

In the present Motion, Defendant asks the Court to order Plaintiff to undergo an independent medical examination ("IME") pursuant to Federal Rule of Civil Procedure 35, with no restrictions. (Doc. 27 at 7.) Under Rule 35, the Court may order "a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably

licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "The order . . . may be made only on motion for good cause and . . . must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). The party requesting the examination must affirmatively demonstrate both that the physical or mental condition of the party to be examined is "in controversy" and that "good cause" exists for the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964); *O'Sullivan v. Rivera*, 229 F.R.D. 184, 186 (D.N.M. 2004). "[T]here must be greater showing of need under [Rule 35] than under the other discovery rules"; to accept a showing of mere relevance would render the "good cause" requirement "meaningless." *Schlagenhauf*, 379 U.S. at 117-18; *O'Sullivan*, 229 F.R.D. at 186. "While Rule 35 should be construed liberally in favor of granting discovery, its application is left to the sound discretion of the court." *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 362 (D. Colo. 2004) (citations omitted).

Plaintiff first argues that the Court should deny Defendant's Motion because Defendant has failed to offer sufficient justification for the IME.[1] (Doc. 29 at 18-20.) To justify its request for an IME, Defendant relies on Plaintiff's answers to its interrogatories, in which Plaintiff identified the following injuries suffered as a result of the July 21, 2012 accident:

> I received 3-4 fractures to my right upper thoracic ribs, a puncture to my lung, several abrasions and contusions to my face, torso, and limbs, and temporary swelling in my neck. Prior to this incident, I already had chronic upper and lower back and neck pain . . . [and] minor scoliosis in my lower back . . . . These pre-existing pains were exacerbated by the additional injuries incurred during the rollover accident. . . . I now have chronic upper back and neck pain that is far worse than anything I had felt prior to this accident. . . . According to [Drs. Mario Pacheco and Miguel Pupiales], the pain I experience in my neck and back is permanent.

---

[1] Plaintiff also asks the Court to deny Defendant's Motion because Defendant has failed to provide sufficient parameters for the IME. (Doc. 29 at 15-18.) However, the Court finds that the parties have presented enough information regarding the proposed IME's parameters to allow it to issue an appropriate Rule 35 Order.

(Doc. 27-1 at 2-3.) According to Defendant, Dr. Pupiales based his opinions regarding Plaintiff's prognosis on his January 16, 2018 examination of Plaintiff. (Doc. 27 at 2.)

In light of the foregoing, the Court finds that Plaintiff's physical condition is in controversy and that Defendant has shown good cause for the Court to order the requested IME. Plaintiff suggests that Defendant has shown only that Plaintiff's medical condition is relevant, and not that the information it seeks is unavailable by other means. (Doc. 29 at 20.) In fact, however, Defendant has shown that Plaintiff is seeking damages for serious and permanent physical injuries, as well as exacerbation of previous injuries or conditions, based in part on a medical examination that is now over a year old. This shows more than mere relevance and is sufficient to demonstrate that Defendant cannot obtain reasonably complete and current information about Plaintiff's injuries by means other than an IME. *See O'Sullivan*, 229 F.R.D. at 186 (court may consider movant's ability to obtain information about physical or mental condition of the person to be examined by other means in deciding whether to grant Rule 35 motion); *Tomlin v. Holecek*, 150 F.R.D. 628, 630 (D. Minn. 1993) (finding good cause for independent psychological examination of plaintiff "as a consequence of the [p]laintiff's assertion that he has sustained a severe and permanent psychological injury, and in view of his stated intent to prove that claim through . . . expert psychological testimony"). The Court will therefore grant Defendant's Motion and order Plaintiff to undergo the requested IME.

Plaintiff next asks the Court to impose a number of conditions on the IME, specifically, that: (1) "the IME examiner be provided a copy of the Court's Order"; (2) "Plaintiff choose the starting time on the date already selected"; (3) "the examination be limited to two hours"; (4) "Defendant be ordered to reimburse Plaintiff for the cost of her travel"; (5) "any IME evaluator . . . be prohibited from conducting any tests, evaluations, or imaging of Plaintiff without the express

written consent of Plaintiff's counsel"; (6) "any IME evaluator . . . be prohibit[ed] from . . . questioning [Plaintiff] concerning her emotional or psychological response or issues in any way connected to the accident or its aftermath"; (7) "Defendant must provide Plaintiff's counsel a copy of the evaluator's CV and his publications and testimony . . . upon entry of this Court's Order"; and, (8) "Plaintiff be reimbursed for her attorney's fees in defending this Motion." (Doc. 29 at 26.)

Defendant does not oppose the first condition requested, which will therefore be granted. (Doc. 31 at 6.) Defendant will be required to provide its chosen evaluator, Paul Legant, M.D., with a copy of this Order at least three (3) business days before the IME.

As to the second condition Plaintiff has requested, Plaintiff argues that she should be allowed to choose the IME's start time because she "*may* wish to drive up early and get done and back to work." (Doc. 29 at 16 (emphasis added).) However, Plaintiff never actually states when she wants the IME to start. (*See generally id.*) Defendant, in turn, indicates that Dr. Legant "will work with Plaintiff in terms of the timing of an IME," but "[i]t has to be reasonable." (Doc. 31 at 7.) In light of the foregoing, it seems clear that counsel have not yet meaningfully conferred regarding this issue. The Court will therefore order Plaintiff's counsel to confer with her client, and defense counsel with Dr. Legant, about these individuals' preferred start times for the IME. Counsel must then confer with one another to select a mutually agreeable time. The Court will order the IME to begin at 9:00 a.m. if counsel do not agree to a different time.

Regarding her third requested condition, Plaintiff objects to Defendant's position that the Court should impose no time limit on the IME. However, Plaintiff fails to explain why the two-hour time limit she proposes is appropriate. *Cf. Greenhorn v. Marriott Intern., Inc.*, 216 F.R.D. 649, 653-54 (D. Kan. 2003) (denying plaintiff's request to limit independent psychological

examination to two hours). In response, Defendant represents that "Plaintiff's IME may very well be done in two hours," that Defendant "does not anticipate a long IME," and that "an IME generally never goes past 3-4 hours." (Doc. 31 at 7.) Defendant, however, does not explain why there should be no time limit at all, except to say that restricting the IME's length "violates Rule 35," which is simply incorrect. (*Id.*); *see* Fed. R. Civ. P. 35(a)(2)(B) (order for Rule 35 IME "must specify the time, place, manner, conditions, and scope of the examination"); *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 399 (S.D. Tex. 2013) ("Courts have permitted drastically varying durations for these examinations, extending from three hours to fourteen."); *Nicholas v. Wyndham Int'l, Inc.*, 218 F.R.D. 122, 124 (D.V.I. 2003) (recognizing "the magistrate judge's broad authority to structure the time and manner of medical examinations").

In light of Defendant's representations regarding the probable length of the IME, the Court will order the examination to last no more than four (4) hours, unless Plaintiff agrees to a longer time or the Court orders an extension for good cause shown. The Court will make itself available to counsel by telephone on the day of the IME to address any requests for an extension of time. Within these limitations, "[t]he Court trusts that . . . the examining specialist[] in this case will conduct [his] examination[] in the time reasonably needed to assess Plaintiff's physical condition in order to render an expert . . . opinion bearing in mind [his] professional and ethical duties." *Ornelas*, 292 F.R.D. at 399 (internal citation and punctuation marks omitted).

The Court will deny Plaintiff's fourth request, *i.e.*, that Defendant be required to reimburse her for her travel costs associated with the IME. Plaintiff initiated this lawsuit and put her physical condition at issue. Plaintiff resides in Santa Fe and Dr. Legant's office is in Albuquerque. Plaintiff has failed to make any argument or present any evidence tending to show that traveling from Santa Fe to Albuquerque to attend the IME would impose an undue burden on her. In these

5

circumstances, the Court finds it reasonable to require Plaintiff to bear her travel costs associated with the IME at this time. *See id.* at 400 (finding it reasonable to require plaintiff to travel more than 100 miles to attend IME where plaintiff failed to show such travel "would pose an undue burden or hardship").

As her fifth condition, Plaintiff requests that "any IME evaluator . . . be prohibited from conducting any tests, evaluations, or imaging of Plaintiff without the express written consent of Plaintiff's counsel." (Doc. 29 at 26.) In particular, Plaintiff appears to object to the possibility that Dr. Legant will order x-rays because Defendant mentioned this possibility for the first time in its Motion. (*Id.* at 25.) The Court acknowledges that x-rays are somewhat more intrusive than the medical history and physical examination Defendant previously proposed. As such, the Court will instruct defense counsel to confer with Dr. Legant and advise Plaintiff's counsel in writing by Friday, March 1, 2019 of any and all diagnostic tests, other than a medical history and physical examination, that Dr. Legant believes will be necessary at the IME based on his records review. If Plaintiff objects to the proposed tests, she is to file written objections with the Court by Monday, March 4, 2019, and the Court will schedule a telephonic status conference to address the objections before the IME.

The Court notes that it would in general be inclined to defer to Dr. Legant's professional judgment regarding the need for diagnostic testing. The Court is not aware of, and Plaintiff has not articulated, any reason for the Court to believe that Dr. Legant would ask Plaintiff to undergo any unnecessary tests. Thus, if Dr. Legant determines that additional tests are necessary based on information he receives for the first time at the IME, he may ask for Plaintiff's informed consent to the proposed tests and, if he obtains it, may proceed with the tests in question. If Plaintiff does not consent, however, his office is to immediately notify Plaintiff's counsel, who must be available

by telephone throughout the entire duration of the IME. If Plaintiff's counsel has a reasoned, good faith objection to the additional tests, she must immediately contact the Court and defense counsel by telephone so that the Court may rule on the objection without interrupting or delaying the IME. The Court will make itself available on the day of the IME to address this issue if necessary.

In response to Plaintiff's sixth requested condition, *i.e.*, that the Court prohibit Dr. Legant from questioning Plaintiff about her emotional or psychological condition, Defendant states that

> Dr. Legant is neither a psychologist nor a psychiatrist. He does not intend to 'examine' Plaintiff psychologically or opine as to any psychological issues. However, Dr. Legant should be allowed to obtain Plaintiff's medical history, her medical problems and issues and note what Plaintiff reports to him including any emotional injuries she claims.

(Doc. 31 at 8.) The Court finds that the limitations Defendant proposes are reasonable and will therefore adopt them in the decretal portion of this Order.

As her seventh condition, Plaintiff asks the Court to require Defendant to "provide Plaintiff's counsel a copy of the evaluator's CV and his publications and testimony" upon entry of this Order. Rule 35 requires the party seeking an IME to provide the person examined with "a copy of the examiner's report, together with like reports of all earlier examinations of the same condition." Fed. R. Civ. P. 35(b)(1). The report "must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests," but, unlike reports under Rule 26(a)(2)(B), need not include the examiner's qualifications, publications, or prior testimony. Fed. R. Civ. P. 35(b)(2). Moreover, Plaintiff may easily verify that Dr. Legant is qualified to perform the IME at issue because, as a board certified orthopedic surgeon, Dr. Legant is licensed by the State of New Mexico. For these reasons, the Court will not order Defendant to provide Plaintiff with a copy of Dr. Legant's resume, publications, or prior testimony at this time. However, the

Court notes that, if Defendant intends to offer Dr. Legant as an expert witness, it must of course fully comply with Rule 26 and the Court's case management deadlines.

Finally, both Plaintiff and Defendant seek an award of attorneys' fees and costs incurred as a result of Defendant's Motion. Rule 35 does not provide for an award of attorneys' fees and costs to a party for successfully filing or opposing a motion for an IME. *See generally* Fed. R. Civ. P. 35. In addition, the Court has granted Defendant's Motion in part but has also denied it in part by imposing some restrictions on the IME. Further, counsel's e-mails regarding the IME reveal communication failures on both sides. For these reasons, the Court declines to award either party its attorneys' fees and costs associated with the Motion at this time. However, any subsequent objections regarding the time, manner, conditions, or scope of the IME that the Court finds are not reasoned and in good faith may result in an award of sanctions, including attorneys' fees and costs, any costs associated with unnecessary delays to Dr. Legant's schedule, and/or an extension of the time limit the Court has imposed on the IME.

IT IS THEREFORE ORDERED that Defendant's Motion to Allow Rule 35 Examination (Doc. 27) is GRANTED IN PART and DENIED IN PART as follows.

1. Plaintiff is to undergo an IME by Paul Legant, M.D., on **Thursday, March 7, 2019** (or another date to which the parties mutually agree[2]). At the IME, Dr. Legant may physically examine Plaintiff and may take Plaintiff's medical history, to include questions that, in Dr. Legant's professional judgment, are reasonably related to Plaintiff's physical injuries for which she seeks damages in this lawsuit, the cause(s) of these injuries, medical treatment she has received or that has been recommended for these injuries, recovery from these injuries, her physical health

---

[2] If the parties agree to a date other than March 7, 2019, they are to notify the Court of the new date at least one (1) week in advance to allow the Court to confirm that it can be available to counsel by telephone to resolve disputes arising out of the IME.

and medical conditions before and after the accident at issue, any prior or subsequent accidents that may have physically injured her, her medical prognosis, and her future medical needs.

2. Defendant is to provide Dr. Legant with a copy of this Order at least **three (3) business days before the IME**.

3. Plaintiff's counsel is to confer with her client, and defense counsel with Dr. Legant, about when these individuals would prefer for the IME to start. No later than **three (3) business days after entry of this Order**, counsel must confer with one another to select a mutually agreeable start time. The IME will begin at 9:00 a.m. if counsel do not agree to a different time.

4. The IME is to last no more than **four (4) hours** from its designated start time or the time Plaintiff signs in for the appointment, whichever is later, unless Plaintiff agrees to a longer time or the Court orders an extension for good cause shown.

5. Plaintiff is to bear her travel costs associated with the IME.

6. Defendant's counsel is to confer with Dr. Legant and advise Plaintiff's counsel in writing by the close of business on **Friday, March 1, 2019** of any and all diagnostic tests, other than a medical history and physical examination, that Dr. Legant believes will be necessary at the IME based on his records review. If Plaintiff objects to the proposed tests, she is to file written objections with the Court no later than **Monday, March 4, 2019**, and the Court will schedule a telephonic status conference to address the objections before the IME. If Dr. Legant determines that additional tests are necessary based on information he receives for the first time at the IME, he may ask for Plaintiff's informed consent to the proposed tests and, if he obtains it, may proceed with the tests in question. If Plaintiff does not consent, Dr. Legant's office is to immediately notify Plaintiff's counsel, who must be available by telephone throughout the entire duration of the IME. If Plaintiff's counsel has a reasoned, good faith objection to the additional tests, she must

immediately contact the Court and defense counsel by telephone so that the Court may rule on the objection without delaying or interrupting the IME.

7. Dr. Legant may not examine Plaintiff psychologically or opine as to her mental health or psychological issues. However, he may take Plaintiff's medical history and ask her about her medical complaints, and may note what Plaintiff reports to him, including any psychological or emotional injuries.

8. The Court will not order Defendant to provide Plaintiff with a copy of Dr. Legant's resume, publications, or prior testimony at this time.

9. The Court will not award attorneys' fees and costs associated with this Motion to either party at this time.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE